IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PNC BANK, N.A.,

    Appellant - Defendant,

v.                                    CIVIL NO. JKB-21-01367

TERESA DAVIS AND
CHRISTOPHER DAVIS,

    Appellees - Plaintiffs.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court is in receipt of the parties' briefing relating to Defendant-Appellant PNC Bank, N.A.'s ("PNC") objections to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law. Having reviewed the parties' briefing and to enable the Court to make a complete disposition of this matter, the Court requests that the parties provide additional briefing regarding attorneys' fees. The parties are not to provide briefing on other matters in response to this Order. The briefing schedule is set forth at the end of this Order.

PNC has objected that the Bankruptcy Court's recommended award of $302,472.67 is excessive. PNC argues that the Davises should only be awarded a maximum of the amount the Davises purportedly paid under their fee arrangement with their attorneys ($60,167.89 plus 40% of any damages award)[1] and that the Bankruptcy Court should not have conducted a lodestar

---

[1] As is relevant here, the Davises' attorneys had initially filed a fee disclosure indicating that: "For legal services, we have agreed to accept: 40% contingency fee agreement of total gross award plus any monies held in escrow, if permitted by the court. *In re Davis*, Bankr. No. 16-15555, ECF No. 149 (May 4, 2021). The $60,167.89 referenced by PNC was the amount purportedly held in escrow by the Davises' attorneys. However, this filing was supplemented by the May 6, 2021 filing that indicates that the Davises' attorneys will limit their fees to those awarded for successful prosecution of the MCPA count. *In re Davis*, Bankr. No. 16-15555, ECF No. 151 (May 6, 2021).

1

analysis. PNC further argues that the fee award must be limited to only those fees incurred in litigating the MCPA claim.

To the extent the Davises are entitled to recover attorneys' fees, the lodestar analysis is the appropriate approach for determining attorneys' fees under the MCPA. *See, e.g., Hyundai Motor Am. v. Alley*, 960 A.2d 1257, 1266 (Md. Ct. Spec. App. 2008) (applying lodestar methodology to MCPA claim); *Est. of Castruccio v. Castruccio*, 233 A.3d 175, 202 n.25 (Md. Ct. Spec. App. 2020) (explaining that "Maryland appellate courts have held that the lodestar method applies to [several] fee-shifting statutes . . . [including] the Consumer Protection Act."); *Friolo v. Frankel*, 819 A.2d 354, 356 (Md. 2003) ("We shall hold generally that, in actions under fee-shifting statutes . . . the lodestar approach is ordinarily the appropriate one to use in determining a reasonable counsel fee.").

However, while the lodestar analysis is the appropriate tool to determine any potential fee award, that fee award must be limited to only those fees incurred in litigating the MCPA claim. As the Maryland Court of Appeals has explained, "[t]he fee award [for an MCPA claim] is limited to the [M]CPA action and may not be based on additional recoveries under other causes of action." *Hoffman v. Stamper*, 867 A.2d 276, 304–05 (Md. 2005); *see also Barnes v. Rosenthal Toyota, Inc.*, 727 A.2d 431, 434 (Md. Ct. Spec. App. 1999) (finding that a fee award was "reasonable and proper" where the record "suggests that the court did in fact apportion its award of counsel fees only to those costs and expenses that appellant incurred in litigating the successful [M]CPA action"); *Rochkind v. Stevenson*, 145 A.3d 570, 606 (Md. Ct. Spec. App. 2016) (finding that the trial court did not abuse its discretion where it denied a fee petition in which counsel failed to "segregate the time spent on the [M]CPA claim from the time spent on other claims"), rev'd on

other grounds, 454 Md. 277, 164 A.3d 254 (Md. 2017); *Rojas-Roberts v. Ocwen Loan Servicing, LLC*, Civ. No. WMN-15-01074, 2015 WL 5047494, at *3 (D. Md. Aug. 25, 2015) (explaining that, for purposes of calculating the amount in controversy for diversity jurisdiction purposes, plaintiff could include attorneys' fees for only the MCPA claim, and not for her detrimental reliance or negligence claims). Because the MCPA claim is derivative of the MCDCA claim, the fees incurred in litigating the MCDCA claim would also be appropriately awarded as attorneys' fees. *See Davis v. Elmore & Throop, P.C.*, No. 488, 2020 WL 3618914, at *7 (Md. Ct. Spec. App. July 2, 2020) (explaining that "[t]he General Assembly has provided that a violation of the MCDCA is a *per se* violation of the MCPA" and that, pursuant to § 13-408(b), "[a]ny person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.") cert. denied, 240 A.3d 858 (Md. 2020); *Ireland v. Riffey*, No. 2264, 2019 WL 1012122, at *3 (Md. Ct. Spec. App. Mar. 4, 2019) (explaining that, where plaintiffs were awarded damages for a "violation of the [MCPA] via the damage awards" for the MCDCA, they were entitled to seek attorneys' fees). The Davises have cited no contrary authority, nor does it appear that they have attempted to apportion the fees between the consumer protection claims, the contract breach claim, and fees relating to obtaining a mortgage modification.[2]

---

[2] While the Court understands that the Davises' attorneys made an effort to remove duplicative or otherwise inappropriate entries and reduced their fees across the board by 20 percent, (May 4, 2021 Hr'g Tr. at 13), it is not clear to what extent these reductions addressed this issue, if at all. The Court also notes that there are several entries in the billing records the Davises' attorneys submitted to the Bankruptcy Court that appear to be unrelated to the consumer protection claims. For example, there are several entries relating to discussions relating to seeking a modification. (See ECF No. 3-24.)

3

The Court therefore requests additional briefing to assist it in determining the appropriate segregation of attorneys' fees.[3] In providing such additional briefing, the parties may also provide limited additional evidence in the form of affidavits to aid the Court in apportioning the fees.

Pursuant to the foregoing, the Court DIRECTS the parties to file additional briefing on only attorneys' fees pursuant to the following schedule: (1) the Davises must file additional briefing by April 15, 2022; (2) PNC must file a response by April 29, 2022; and (3) the Davises may file a reply no later than May 6, 2022.

DATED this 25 day of March, 2022.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar

Chief Judge

---

[3] In requesting such additional briefing, the Court is mindful that there is overlap between the breach of contract claim and the consumer protection claims, and that the MCPA "is intended to be construed liberally in order to promote its purpose of providing a modicum of protection for the State's consumers." *Wash. Home Remodelers, Inc. v. State*, 45 A.3d 208, 219 (Md. 2012). Thus, Maryland courts have "warned against construing remedial statutes like the [M]CPA with a narrow or grudging process." *Andrews & Lawrence Pro. Servs., LLC v. Mills*, 223 A.3d 947, 968 (Md. 2020) (internal citations, quotations, and alterations omitted); *see also Mercedes-Benz of N. Am., Inc. v. Garten*, 618 A.2d 233, 243 (Md. Ct. Spec. App. 1993) (explaining that "[t]here is no doubt that [plaintiff] may recover attorney's fees under § 13-408(b) of the [M]CPA, but not for the breach of an express warranty" but declining to impose a "requirement of keeping detailed records into the consumer protection arena.") However, the Davises must provide a reasonable apportionment of their attorneys' time.